UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEVEN M. SHERMAN,

                 Plaintiff,         ANSWER FOR DEFENDANTS
   - against -                          EDWIN J. GARLING, LESLIE DOTSON,
                                     AND GARLING ASSOCIATES
TOWN OF CHESTER, THE TOWN BOARD,
WILLIAM TULLY, EDWIN J. GARLING,      Case No.:  08 CIV 4248 (KMK)(MDF)
LESLIE DOTSON, and GARLING ASSOCIATES,

               Defendants.
-----------------------------------------------------------X

      Defendants, EDWIN J. GARLING, LESLIE DOTSON and GARLING ASSOCIATES, by their attorneys, DRAKE, LOEB, HELLER, KENNEDY, GOGERTY, GABA & RODD, PLLC, answering the complaint of the plaintiff allege as follows:

      1.    Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the "Introductory Statement" and the paragraphs of the complaint numbered "1",  "11," "12," 13," "19," "20," "21," "24," "25," "26," "30," "52," "54," "55," "56," "58," "59," "62," "67," "78," "93," "102," "104," "108," "111," "132," "137," "138," "142," "143," "145," "146," "147," "154," "161," "162," "163," "164," "165," "173," "181," "182," "214," "230," "238," "249," "251," "261," "273," "285" and "287."

      2.    Admit each and every allegation contained in the paragraphs of the complaint numbered "2," "5," "6," "9" and "10."

      3.    Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "3" and "4," but admit that the Town Board of the Town of Chester is the duly elected Town Board and has those powers conferred upon it by New York State law, and that William Tully was previously elected to the office of Town Supervisor of the Town of Chester and served in that

capacity.

4. Deny each and every allegation contained in the paragraph of the complaint numbered "7," but specifically admit that defendant Garling Associates, Ltd., s/h/a Garling Associates is a private company that maintains offices located in the Village of Goshen, New York.

5. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "8," "64," "65," "66," "68," "94," "95," "99," "101," "112," "115," "116," "117," "121," "156," "160," "264," "265," "266," "267" and "269," but specifically deny any wrongdoing.

6. Deny each and every allegation contained in the paragraphs of the complaint numbered "14," "22," "23," "27," "28," "29," "31," "32," "33," "34," "36," "37," "42," "43," "44," "45," "46," "49," "57," "69," "70," "72," "73," "74," "75," "76," "77," "79," "80," "81," "82," "83," "86," "88," "89," "91," "103," "105," "106," "110," "118," "119," "120," "123," "124," "125," "126," "127," "128," "129," "133," "135," "136," "139," "141," "144," "149," "150," "151," "153," "155," "157," "158," "159," "166," "167," "168," "171," "172," "174," "175," "176," "177," "178," "179," "180," "183," "185," "186," "187," "188," "189," "190," "191," "192," "193," "194," "196," "197," "198," "199," "200," "201," "202," "204," "205," "206," "207," "208," "209," "210," "212," 213," "215," "216," "217," "218," "220," "221," "222," "223," "227," "228," "232," "235," "236," "239," "241," "242," "243," "244," "246," "247," "250," "252," "255," "256," "257," "258," "260," "262," "268," "270," "272," "274," "275," "276," "278," "279," "280", "281," "282," "283," "286," "289," "290" and "291."

7. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "15,"

"35," "50," "51," "61," "90," "98" and "109," but specifically deny any wrongdoing and admit that plaintiff made an application to the Town of Chester Planning Board, that the plaintiff submitted revised plans, including a proposal for a planned adult community, and submitted an environmental impact statement and a supplemental environmental impact statement and that the application was subject to a moratorium.

8. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "16," "17," "18," "47," "48," "84," "85," "87," "97," "100," "107," "113," "114," "134," "152," "219" and "225," and respectfully refer the Court to the documents referenced therein.

9. Deny each and every allegation contained in the paragraphs of the complaint numbered "38" and "39," but admit that "the moratorium was not for a unlawful purpose" and that the moratorium ended.

10. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "40," but admit that the Town of Chester adopted a Comprehensive Plan.

11. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "41," "53," "71," "92," "96," "122," "130," "131," "148," "224," "226," "231," "233," "234," "237," "245," "253," "254" and "263," and respectfully refer all questions of law to the Court.

12. Deny each and every allegation contained in the paragraphs of the complaint numbered "60" and "63," but admit that the Town of Chester enacted local laws pertaining to zoning.

13. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "140," but specifically admit that the Town is obligated to provide due process, and specifically deny that the plaintiff had a vested right as alleged.

14. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "169," but specifically admit that defendant Garling Associates provides services to the Town of Chester as a planning consultant and is paid for such services by the Town.

15. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "170," but specifically admit that pursuant to the terms and provisions of the Town Code of the Town of Chester applicants for certain land use approvals, such as the plaintiff, are required to reimburse the Town for consultants' fees incurred in processing their applications.

16. Repeat and reallege each and every response to the allegations contained in the complaint, as realleged in paragraphs "184," "195," "211," "229," "240," "248," "259," "271," "277," "284" and "288," with the same force and effect as though more fully set forth at length herein.

17. Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "203," but specifically deny that defendant Garling Associates "expressed the view that clustering was not intended for [Plaintiff's] large subdivision proposal."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. The claims asserted against these answering defendants are barred, in whole or in part, on the ground of qualified immunity.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. The allegations in the complaint fail to state a legally cognizable cause of action against these answering defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The allegations in the complaint against these answering defendants are barred, and in whole or in part, by the applicable three (3) year statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. The plaintiff's claims against these answering defendants are barred in whole or in part on the ground that the plaintiff has failed to exhaust state law remedies.

WHEREFORE, defendants demand judgment:

1. dismissing the complaint; and

2. for costs, interest and disbursements incurred in this action.

Dated: New Windsor, New York
June 27, 2008

                Yours, etc.

                DRAKE, LOEB, HELLER, KENNEDY,
                GOGERTY, GABA & RODD, PLLC

By: _____
STEPHEN J. GABA (SG-3160)
*Attorneys for Defendants,*
*EDWIN J. GARLING, LESLIE DOTSON,*
*AND GARLING ASSOCIATES,*
555 Hudson Valley Avenue - Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

TO:   MICHAEL D. DIEDERICH, JR., ESQ.,
      *Attorney for Plaintiff*
      361 Route 210
      Stony Point, New York 10980
      Tel. No.: (845) 942-0795

      MIRANDA, SOKOLOFF, SAMBURSKY
      SLONE & VERVENIOUS, LLP
      *Attorney for Co-Defendants,*
      *Town of Chester, The Town Board and*
      *William Tully,*
      240 Mineola Boulevard
      Mineola, New York 11501
      Tel. No. (516) 741-7676